**FILED**
**U.S. District Court**
**District of Kansas**
06/15/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTONIO A. MCGEE,

      **Plaintiff,**

      v.                                                                           CASE NO. 26-3129-JWL

KANSAS DEPARTMENT OF
CORRECTIONS,

      **Defendant.**

## MEMORANDUM AND ORDER

This matter is a civil rights action filed by pro se Plaintiff Antonio A. McGee.  Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas.  Plaintiff names the Kansas Department of Corrections ("KDOC") as the sole defendant, and claims "Hazardous Conditions."  (Doc. 1, at 1.)  Plaintiff cites a regulation dealing with cell operation and visibility and claims the KDOC is using sandbags to stop inmates from fishing.  *Id*.  Plaintiff claims that someone could trip over the sandbags, they are a fire hazard, and they are unsanitary.  *Id*. at 1–2. Plaintiff seeks $95,000 in compensatory damages.  *Id*. at 2.

On May 14, 2026, the Court entered a Memorandum and Order (Doc. 2) finding that Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g), and granting Plaintiff until June 12, 2026, to submit the $405.00 filing fee.  The Court examined the Complaint and found no showing of imminent danger of serious physical injury.

Plaintiff has failed to pay the filing fee by the deadline and has instead filed a document titled "Memorandum and Request."  (Doc. 3.)  The document does not address the three-strikes provision, contains a list of case cites, and states that Plaintiff is "requesting interpretation of what the courts deem on the likelihood of the merits."  *Id*.  Nothing in the response shows that Plaintiff

is in imminent danger of serious physical injury.  Plaintiff has failed to pay the filing fee by the Court's deadline.

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'" *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)).  "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).  "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)." *Young*, 316 F. App'x at 771–72 (citations omitted).

Plaintiff has failed to pay the filing fee by the deadline set forth in the Court's order.  As a consequence, the Court dismisses this action without prejudice pursuant to Rule 41(b) for failure to comply with court orders.

**IT IS THEREFORE ORDERED BY THE COURT** that this action is **dismissed without prejudice** pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

**Dated June 15, 2026, in Kansas City, Kansas.**

**S/  John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**